IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TERRENCE RICHARDSON, | * | |
| Petitioner | * | |
| v. | * | CIVIL NO. JKB-14-1707 |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

## MEMORANDUM AND ORDER

Terrence Richardson was tried by a jury and convicted of conspiracy to participate in a racketeering enterprise and conspiracy to distribute and possess with intent to distribute controlled substances; he was sentenced to life in prison and a supervised release term of five years. (Crim. No. 09-288, Judgment, June 23, 2010, ECF No. 752.) His conviction was affirmed on direct appeal by the Fourth Circuit, No. 10-4825 (*id.*, Judgment, Jan. 6, 2012, ECF No. 1071), which also denied his petition for rehearing and rehearing *en banc* (*id.*, Judgment, Feb. 21, 2012, ECF No. 1090).

Presently pending before the Court is Richardson's "Motion to Recover Seize [*sic*] Property from House Raids, Pictures, Mail and Rap Songs." (Civ. No. 14-1707, ECF No. 1.) He states the reason for his motion is his need to use the seized property as exhibits for his then-pending 28 U.S.C. § 2255 motion. (*Id.* 2.[1]) The Government requested, in the Fall of 2014, that the current motion be held in abeyance pending the possible scheduling of a hearing and appointment of counsel for the § 2255 motion. (ECF No. 7.) It was the Government's

---

[1] The Court utilizes herein the pagination of Richardson's motion as generated by the Electronic Case Filing / Case Management system.

expectation that it would confer with appointed counsel about Richardson's document requests and that the likely outcome of such discussions would be to render the motion moot. (*Id.*) The Court granted the motion to stay. (Order, Sept. 22, 2014, ECF No. 8.) Later, in the § 2255 case, the Court appointed counsel and determined an evidentiary hearing would be scheduled after counsel had been appointed. (Crim. No. 09-288, Order, Dec. 15, 2014, ECF No. 1384.)

After reassignment of the criminal case to the undersigned on February 1, 2016, the Government submitted status reports (*id.* ECF Nos. 1484, 1488), in response to which the Court set a briefing schedule and an evidentiary hearing (*id.* ECF No. 1490). After Richardson's request to discharge his appointed counsel and to have new counsel appointed was granted (*id.* ECF Nos. 1558, 1563), the Court rescheduled the hearing (*id.* ECF No. 1567), and denied the grounds of his § 2255 motion that did not require an evidentiary hearing (*id.* ECF No. 1595). At the time of the hearing, Richardson asked that his second appointed counsel be discharged and new counsel be appointed. (*Id.* ECF Nos. 1598, 1599, 1601; *see also* Mot. to Withdraw, ECF No. 1600.) The Court granted Richardson's motions insofar as his appointed counsel was discharged, but declined to appoint new counsel. (*Id.* ECF No. 1605.) Further, the Court received evidence and denied the remainder of Richardson's § 2255 motion. (*Id.*) The Fourth Circuit denied a certificate of appealability and dismissed his appeal, No. 17-6037. (*Id.*, Judgment, Aug. 9, 2017, ECF No. 1709.)

As the Government correctly notes, the denial of Richardson's § 2255 motion rendered moot his instant motion to have trial exhibits returned to him for the specific purpose of supporting his § 2255 motion. His motion to vacate raised four grounds in which he took issue with the length of sentence imposed, jury instructions, sufficiency of the evidence, and alleged failure by trial counsel to communicate a plea offer to him. (*Id.*, ECF No. 1325.) His access to

2

the trial exhibits would not have changed the Court's determination that none of his stated grounds had merit, nor has he explained how his access would have made a difference in the arguments he presented.[2]

Accordingly, for the foregoing reasons, the Court concludes Richardson's motion for return of property IS MOOT. The Clerk SHALL CLOSE the case and MAIL a copy of this memorandum and order to Richardson at the address on file with the Court.

SO ORDERED.

DATED this 21st day of November, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

---

[2] The Court notes that the Government has made copies of the exhibits available for Richardson's review through the Bureau of Prisons. (Civ. No. 14-1707, ECF Nos. 17, 18.)